Christina A. Rankin, Esq.
Traci N. Bunkers, Esq.
Guess & Rudd P.C.
1029 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: crankin@guessrudd.com
E-mail: tbunkers@guess.rudd.com

Attorneys for Olgoonik Construction Services, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| MONIKA SWITZER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | United States District Court No. |
| vs. | ) | Case No. 3:20-cv-_____ |
| | ) | |
| OLGOONIK CONSTRUCTION SERVICES, LLC., , | ) ) | Superior Court Case No. |
| | ) | Case No. 3AN-20-05971 CI |
| Defendant. | ) | |
| | ) | |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant Olgoonik Construction Services, LLC ("Olgoonik"), by and through its attorneys, Guess & Rudd P.C., hereby removes to this court the state court action described below.

1. Introduction

On April 20, 2020, plaintiff Monika Switzer ("Plaintiff") filed suit against Olgoonik in the Superior Court for the State of Alaska, Third Judicial District at

Notice of Removal
Monika Switzer v. Olgoonik Construction Services, LLC., Case No. Case No. 3:20-cv-_____
Page 1 of 6

Case 3:20-cv-00265-HRH   Document 1   Filed 10/16/20   Page 1 of 6

Anchorage, entitled <u>Monika Switzer v. Olgoonik Construction Services, LLC</u>, Case No. 3AN-20-05971 CI (hereinafter "the Complaint").[1]  In her Complaint, plaintiff raised claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. and 29 U.S.C. § 206(d) (the "FLSA").[2]

The Complaint alleges that Olgoonik violated the FLSA by improperly classifying plaintiff as an exempt employee and failing to pay her overtime.[3]  The Complaint also alleges that Olgoonik further violated the FLSA by paying plaintiff a lower salary than her male counterparts for the same work and by retaliating against plaintiff "by having her job duties reduced to the point that she could no longer enjoy the terms and conditions of her employment."[4]  Plaintiff seeks unpaid overtime dating back to her 2017 date of hire, wages "in an amount equal" to her male counterparts, which she estimates to be $61,000 per year; reinstatement or liquidated damages "equal to what she would have earned had she not been constructively terminated from her employment;" and attorney's fees.[5]

---

[1] The state court action was dismissed by Judge Peter Ramgren on September 28, 2020, for failure to serve Olgoonik.  Olgoonik now tenders the instant Notice of Removal to the District Court in an abundance of caution, based on the likely refiling of plaintiff's Complaint.

[2] <u>See</u> Exhibit A, Complaint at pp. 3-4.

[3] <u>See id</u>. at p. 3.

[4] <u>Id</u>. at pp. 3-4.

[5] <u>Id</u>. at pp. 4-5.

Notice of Removal
Monika Switzer v. Olgoonik Construction Services, LLC., Case No. Case No. 3:20-cv-_____
Page 2 of 6

Case 3:20-cv-00265-HRH   Document 1   Filed 10/16/20   Page 2 of 6

The District Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a). This Notice of Removal is filed within the 30-day window provided under 28 U.S.C. § 1446(b), as Olgoonik was served with the Summons and Complaint, despite the civil suit's dismissal, on or about September 29, 2020. Olgoonik has, simultaneously with this filing, also filed its Notice of Removal in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

2. Argument

    A.    The Court Has Original Jurisdiction Because the Complaint Raises a Federal Question

Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff's Complaint raises claims under the Fair Labor Standards Act—a federal law. District courts within the Ninth Circuit have routinely held that they maintain federal question jurisdiction pursuant to 28 U.S.C. § 1331 over FLSA claims.[6]

---

[6] Webster v. Pub. Sch. Emples. of Wash., Inc., 247 F.3d 910, 913 (9th Cir. 2001) ("Webster filed a complaint in the Superior Court of Washington for King County against PSE claiming overtime wages under the FLSA [state law]. [Defendant] removed the case to the United States District Court for the Western District of Washington, which had jurisdiction pursuant to 28 U.S.C. § 1331 (federal question)"); Grosz v. Farmers Ins. Exch., 2010 U.S. Dist. LEXIS 137748, at *2 (D. Or. Nov. 9, 2010) ("The court has federal question jurisdiction for the First Claim arising under FLSA under 28 USC § 1331…"); Whitlock v. Am. Family Mut. Ins. Co., 2016 U.S. Dist. LEXIS 5290, at *1-2 (D. Or. Jan. 15, 2016) ("This court has federal question jurisdiction over the FLSA claim pursuant to 28 USC § 1331 and supplemental jurisdiction over the state law claim pursuant

Notice of Removal
Monika Switzer v. Olgoonik Construction Services, LLC., Case No. Case No. 3:20-cv-_____
Page 3 of 6

Case 3:20-cv-00265-HRH   Document 1   Filed 10/16/20   Page 3 of 6

Given that the Complaint implicates questions of federal law related to a federal act, it is facially evident from the Complaint that the lawsuit is subject to removal on the basis of federal question jurisdiction.

B. This Court Has Original Jurisdiction Under 28 U.S.C. § 1441

This court also has original jurisdiction over plaintiff's FLSA claims under 28 U.S.C. § 1441(a), and, thus, removal is appropriate.

28 U.S.C. § 1441(a) provides,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

29 U.S.C. § 216(b) of the FLSA provides that an action "may be maintained . . . in any Federal or State court of competent jurisdiction." In Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 123 S. Ct. 1882 (2003), the Supreme Court upheld the defendant's removal of an action involving an FLSA claim under the provisions of § 1441(a) and § 216(b). The Supreme Court stated:

> The FLSA provides that an action "may be maintained . . . in any Federal or State court of competent jurisdiction," § 216(b), and the district courts would in any event have original jurisdiction over FLSA claims under 28 USC § 1331 [28 USCS § 1331], as "arising under the Constitution, laws, or treaties of the United States," and § 1337(a), as "arising under any Act of Congress regulating

---

to 29 USC §1367. "); Gessele v. Jack in the Box, Inc., 2013 U.S. Dist. LEXIS 51941, at *42 (D. Or. Jan. 28, 2013) ("The FLSA claims confer jurisdiction in this court under 28 USC § 1331.")

Notice of Removal
Monika Switzer v. Olgoonik Construction Services, LLC., Case No. Case No. 3:20-cv-_____
Page 4 of 6

Case 3:20-cv-00265-HRH   Document 1   Filed 10/16/20   Page 4 of 6

commerce." Removal of FLSA actions is thus prohibited under § 1441(a) only if Congress expressly provided as much.[7]

Because plaintiff's FLSA claims vest this court with original jurisdiction, removal is appropriate under 28 U.S.C. § 1441(a).

3.  Conclusion

Because plaintiff's FLSA claims implicate federal law, and the provisions of the FLSA vest this court with original jurisdiction under 28 U.S.C. § 1441(a), removal is appropriate. Olgoonik respectfully requests that this court assume full jurisdiction over this lawsuit.

DATED at Anchorage, Alaska, this 16th day of October, 2020.

> GUESS & RUDD P.C.
> Attorneys for
> Olgoonik Construction Services, LLC
>
>
> By: /s Christina A. Rankin
>    Christina A. Rankin, AK Bar No. 0306034
>    Traci N. Bunkers, AK Bar No. 1810081

---

[7] Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 694, 123 S. Ct. 1882, 1884 (2003).

Notice of Removal
Monika Switzer v. Olgoonik Construction Services, LLC., Case No. Case No. 3:20-cv-_____
Page 5 of 6

Case 3:20-cv-00265-HRH   Document 1   Filed 10/16/20   Page 5 of 6

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2020, I e-mailed a true and correct copy of the foregoing document to:

Isaac Zorea, Esq.
P.O. Box 210434
Anchorage, AK 99521
eyedz@gci.net

Guess & Rudd P.C.


By: /s/ Christina A. Rankin
F:\DATA\6623\1\Pleadings\Notice of Removal (USDC).doc

Notice of Removal
Monika Switzer v. Olgoonik Construction Services, LLC., Case No. Case No. 3:20-cv-_____
Page 6 of 6