IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Monika Switzer,

                          Plaintiff(s),

vs.

Olgoonik Construction Services, LLC.,

                          Defendant(s).

CASE NO. 3AN-20-05971 CI

**SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: Olgoonik Construction Services, LLC.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Isaac D Zorea, whose address is: PO Box 210434, Anchorage, AK 99521.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(I).

### NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge Ramgren and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____

Date: 4/20/2020

CLERK OF COURT

By: _____ Deputy Clerk

I certify that on 4/20/2020 a copy of this Summons was ☐ mailed ☒ given to
☐ plaintiff ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk JDE

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

Case 3:20-cv-00265-HRH   Document 1-1   Filed 10/16/20   Page 1 of 6
CIV-100 ANCH (10/17)(cs)                                Page 1 of 6
                                                Civil Rules 4, 5, 12, 42(c), 55

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

Monika Switzer, )
        Complainant, ) Case No. 3AN-20-05971 CI
  vs. )
Olgoonik Construction Services, LLC., )
        Respondent. )

## COMPLAINT

COMES NOW, Monika Switzer, the plaintiff above named, by and through her attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Monika Switzer, resided within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, Olgoonik Construction Services, LLC., has maintained significant business connections within the Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

### II. FACTS

2.1. On or about May 30, 2017, Plaintiff Monika Switzer began working for defendant as a project manager.

COMPLAINT: SWITZER V. OLGOONIK CONSTRUCTION SERVICES, LLC.        PAGE - 1 -

2.2. At the time that Plaintiff was hired, she was told that she was an FLSA-exempt employee. He asked what she had earned previously, and that she would make $74,000 a year, based on 40 hours a week of work.

2.3. Several years after being employed by the defendant, Plaintiff Monika Switzer learned that a newly hired male employee, hired to also work as a project manager, under the same supervisor, was being paid $135,000 per year, based on 40 hours a week of work. Ms. Switzer is of the belief that other male project managers were also hired at a base pay of at least $135,000 per year, which is $61,000 a year more than she was making for doing the same work.

2.4. Concerned by what she learned, Plaintiff questioned Defendant's human resource office concerning the pay difference, and also spoke about her concerns that she was improperly classified as an FLSA-exempt employee. Concerning her exempt status, Plaintiff stated that she thought she should have been paid for the overtime work she performed.

2.5. After her inquiry with Defendant's Human Resource office about FLSA compliance regarding overtime and pay equality, Plaintiff was told that she did not raise valid concerns. However, shortly afterward, Plaintiff noticed that she started to be treated in a hostile manner by the senior project manager.

2.6. In addition to being treated in a hostile manner by Defendant's senior project manager, Plaintiff was not paid for the overtime hours that she worked. Nor did Plaintiff receive a pay raise such as would put her on equal pay with her male counterparts.

2.7. Plaintiff noticed that after she had complained of Defendant's FLSA compliance issues, the senior project manager eliminated her access to critical responsibilities needed to do her job. After complaining that she could not effectively do her job, she was forced to resign from her position.

2.8.   As of the date of filing this case, Defendant has not fully paid Plaintiff for all hours that she worked nor has Defendant corrected the fact that she was not paid as much as her male counterparts.

## CAUSES OF ACTION

**A.   VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED (29 USC § 201 ET SEQ.): FAILURE TO PAY OVERTIME OR PROPERLY COMPENSATE EMPLOYEE.**

3.1.   Monika Switzer incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.8.

3.2.   Plaintiff Monika Switzer alleges that she worked overtime hours for her employer Olgoonik Construction Services, LLC., but was improperly classified as an exempt employee and therefore did not receive overtime pay of one and one half times her normal rate of pay.

3.3.   Plaintiff Monika Switzer further alleges that by failing to pay her overtime wages for all hours that Defendant Olgoonik Construction Services, LLC. knew she worked, or had reason to know that she worked, it violated the Fair Labor Standards Act, 29 U.S.C. § 207.

3.4.   Plaintiff seeks damages from Defendant Olgoonik Construction Services, LLC. for its violations of the Fair Labor Standards Act, as outlined above, which includes payment of her unpaid overtime wages for all hours that she worked over 40 hours in a week or eight hours in a day, liquidated damages, prejudgment interest, and actual reasonable attorney fees.

**B.   PROHIBITION AGAINST UNEQUAL PAY BASED ON GENDER, 29 U.S.C. § 206(D)**

3.5.   Plaintiff Monika Switzer further alleges that for the work she performed for Olgoonik Construction Services, LLC., she received an amount lower than her male counterparts, who performed the same job duties as she performed.

3.6. Plaintiff alleges that Olgoonik Construction Services, LLC.' decision to pay her less than her male counterparts, violated 29 U.S.C. § 206(d).

3.7. Plaintiff seeks damages from Defendant Olgoonik Construction Services, LLC., for its violations of the Fair Labor Standards Act, as outlined above, related to its failure to pay her in an amount equal to her male counterparts, as outlined in 29 U.S.C. § 216(b), including liquidated damages, prejudgment interest, and reasonable attorney fees.

C. **PROHIBITION AGAINST UNEQUAL PAY BASED ON GENDER, 29 U.S.C. § 206(D)**

3.8. Plaintiff Monika Switzer further alleges that when she complained to Defendant Olgoonik Construction Services, LLC., that she was being paid less than her male counterparts, she was retaliated against by having her job duties reduced to the point that she could no longer enjoy the terms and conditions of her employment.

3.9. Plaintiff Monika Switzer argues that Defendant Olgoonik Construction Services, LLC., violated the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), when it chose to constructively fire her for complaining about its compliance with the Fair Labor Standards Act.

3.10. Plaintiff seeks damages from Defendant Olgoonik Construction Services, LLC., for its violations of the Fair Labor Standards Act, for constructively terminating her employment when she questioned her employer's compliance with the FLSA, pursuant to 29 U.S.C. § 216(b), including reinstatement, back pay, liquidated damages, prejudgment interest and actual reasonable attorney fees.

### PRAYER OF RELIEF

WHEREFORE, Plaintiff Monika Switzer, requests judgment against Defendant Olgoonik Construction Services, LLC., as follows:

COMPLAINT: SWITZER V. OLGOONIK CONSTRUCTION SERVICES, LLC. PAGE - 4 -

1.     Full and complete payment of all unpaid overtime compensation Olgoonik Construction Services, LLC., owes Plaintiff dating back to her date of hire, in an amount equal to time and half of her regular rate of pay, plus liquidated damages, and prejudgment interest, with the exact amount to be proven at trial, but in an amount in excess of the jurisdictional limit for this court;

2.     Full and complete payment of all hours Plaintiff Monika Switzer worked for Olgoonik Construction Services, LLC., in an amount equal to that which her male counterparts received, which is estimated to be an additional $61,000.00 per year, with appropriate overtime payment for those hours worked;

3.     Payment by Olgoonik Construction Services, LLC., to Monika Switzer of all penalties permitted against it as her employer, specifically pursuant to 29 U.S.C. § 216(b), including reinstatement, back pay, and any penalties and/or liquidated damages permitted under Federal law.

4.     Actual reasonable attorney fees, pursuant to the Federal Fair Labor Standards Act, liquidated damages, and all permitted prejudgment interests on the unpaid wages.

5.     Plaintiff Monika Switzer further seeks reinstatement of her job or liquidated damages equal to what she would have earned had she not been constructively terminated from her employment, going forward for as long as she would have reasonably remained at her job.

6.     Plaintiff Monika Switzer further seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

Dated: April 20, 2020

Isaac D. Zorea
ABA No. 0011090
Counsel for Monika Switzer

COMPLAINT: SWITZER V. OLGOONIK CONSTRUCTION SERVICES, LLC.                      PAGE - 5 -